MAY SAXTON v. STATE.

No. A-7505. Opinion Filed Nov. 15, 1930.
Rehearing Denied Dec. 13, 1930.
(293 Pac. 567.)

Sam S. Gill, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of maintaining and operating a public nuisance, in the manner and form as follows, to wit: That the said defendant in Oklahoma county unlawfully, knowingly, and wrongfully maintained and operated a one-story sheet iron building located at Bodine City, known as Curley Saxton's Dance Hall, where intoxicating liquor, to wit, whisky, was kept, bartered, sold, and given away to divers persons, amounting to a public nuisance; and was sentenced to pay a fine of $250 and be confined in the county jail for a period of 30 days. From which judgment the defendant has appealed to this court.

The testimony on behalf of the state in substance shows that the sheriff and a number of deputies went to this dance hall in Bodine City, without a search warrant or any warrant for the arrest of the defendant. There was a dance in progress, and the defendant was collecting the money for the dances; there was a large crowd of people—estimated at from 100 to 150—dancing and looking on. The officers claim they heard profane language being used by some of the parties, and that some of the parties in the dance hall were drinking. They finally decided to line them up and search them, and, when they did, the crowd was so great and so congested that those

having whisky on their person began dropping the bottles on the floor. The officers could not tell who dropped the bottles, but they found several bottles containing whisky; they do not contend the defendant had any whisky in her place of business, but, as the defendant was in charge that night, they arrested her, and they testified she permitted the parties to be there drinking and having whisky on their persons. The defendant contends she knew nothing about any one having any whisky there; that she and her husband had been paying O. T. Smith, a deputy sheriff, $5 a night to preserve order, and that she did not see any one misbehave; that the said O. T. Smith was on duty that night.

A great deal of testimony was introduced that was immaterial in the trial of the case, but was introduced for the purpose of tending to show that the place of business conducted by the defendant was a public nuisance. Several neighbors living nearby testified for the defendant, and stated that it did not disturb them, and that they had attended the dances on several different occasions. This is in substance the testimony.

The defendant has assigned several errors alleged to have been committed by the court in the trial of her case. After a careful examination of the assignment of errors, we hold they do not possess sufficient merit to warrant a reversal of this case. The evidence is sufficient to sustain the judgment. The defendant was accorded a fair and impartial trial. No errors appearing in the record prejudicial to the rights of the defendant, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.